1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8  CHERNYAVSKIY PAVEL,

9                          Petitioner,            Case No. C13-938-RSL-BAT

10         v.                                     **REPORT AND**
                                                  **RECOMMENDATION**
11  ICE FIELD OFFICE DIRECTOR,

12                         Respondent.

13            I.         INTRODUCTION AND SUMMARY CONCLUSION

14         Petitioner Chernyavskiy Pavel is currently being detained by the United States

15  Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma,

16  Washington, pending completion of removal proceedings.  On May 30, 2013, he filed a petition

17  for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his continued

18  detention and seeking either supervised release or a bond hearing.  Dkt. 1.  Respondent has

19  moved to dismiss the petition, arguing that petitioner is not entitled to supervised release or a

20  bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1226(c), pending

21  completion of removal proceedings.  Dkt. 6.

22         For the reasons set forth below, the Court recommends that respondent's motion to

23  dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION- 1

II.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Russia who was admitted to the United States as a lawful permanent resident on May 13, 1995.  Dkt. 7, Exh, A.  On November 5, 2012, he was convicted in the Circuit Court of Multnomah County, Oregon, for the offense of Unlawful Possession of Heroin in violation of Oregon Revised Statute § 475.584, and was sentenced to ten days in prison.  Dkt. 7, Exh. F.  ICE placed an immigration detainer on petitioner so that he would be transferred to immigration custody upon his release from state custody.  Dkt. 7, Exh. B.

Upon completion of his sentence on November 15, 2012, petitioner was transferred from the Multnomah County Jail to ICE custody and detained without bond.  Dkt. 7, Exh. C and D. Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a law relating to a controlled substance violation. Dkt. 7, Exh. E.

On February 1, 2013, petitioner received an individualized bond hearing before an Immigration Judge.  The Immigration Judge denied petitioner's request for bond, ruling that he was subject to the mandatory detention under 8 U.S.C. § 1226(c) due to his conviction for possession of heroin, and therefore the immigration court did not have jurisdiction over the bond request.  Dkt. 7, Exh. H and I.  Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), which affirmed the decision on April 25, 2013.  Dkt. 7, Exh. J.

On May 30, 2013, petitioner filed the instant habeas petition, challenging the lawfulness of his continued detention.  Dkt. 1.  On July 3, 2013, respondent filed a motion to dismiss, arguing that petitioner's conviction mandates his detention under 8 U.S.C. § 1226(c).  Dkt. 6. Petitioner did not file a reply.

REPORT AND RECOMMENDATION- 2

III.     DISCUSSION

A.     Jurisdiction

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the petition under § 2241 because petitioner was detained within its jurisdiction at the time he filed his petition, and he asserts that his detention is unlawful.

B.     Pre-Removal Period Detention

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens in removal proceedings.  Section 1226(a) grants the Attorney General discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in section 1226(c), for whom detention is mandatory. *See* 8 U.S.C. § 1226(a), (c).  Specifically, Title 8 U.S.C. § 1226 provides:

**§ 1226.  Apprehension and detention of aliens**

**(a) Arrest, detention, and release**

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –

REPORT AND RECOMMENDATION- 3

(1) may continue to detain the arrested alien; and

(2) may release the alien on –

    (A) bond of at least $1500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    (B) conditional parole . . .

**(c)  Detention of criminal aliens**

    **(1) Custody**

The Attorney General shall take into custody any alien who –

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(a), (c).  Unlike aliens who are detained under § 1226(a), aliens detained under § 1226(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk.  8 U.S.C. § 1226(c)(1); 8 C.F.R. § 1003.19(h)(2)(i)(D); *see also Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).  "The Attorney General may release an alien described in paragraph (c)(1) only if the Attorney General decides . . . that release of the alien from custody is necessary" to protect a witness in a criminal matter.  8 U.S.C. § 1226(c)(2).

      In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that the mandatory detention of an alien under 8 U.S.C. § 1226(c) was a constitutionally permissible part of the

REPORT AND RECOMMENDATION- 4

removal process.  *Id*. at 531.  In *Demore*, a lawful permanent resident of the United States

challenged the no-bail provision of § 1226(c), pursuant to which he had been detained for six

months during the pendency of removal proceedings against him.  In upholding the mandatory

detention provision, the Supreme Court explained that under 8 U.S.C. § 1226(c), "not only does

detention have a definite termination point, in the majority of cases it lasts for less than 90 days .

. . ."  *Id*. at 529.  The Supreme Court held that "Congress, justifiably concerned that deportable

criminal aliens who are not detained continue to engage in crime and fail to appear for their

removal hearings in large numbers, may require that persons such as respondent be detained for

the brief period necessary for their removal proceedings."  *Id.* at 513.

Here, the record reflects that petitioner was convicted for the offense of unlawful

possession of heroin in violation of Oregon Revised Statute § 475.854 on November 5, 2012.

ICE charged petitioner with removability for commission of a law relating to a controlled

substance, as defined in 21 U.S.C. § 802.  Consequently, petitioner falls within the group of

criminal aliens described in 8 U.S.C. § 1226(c)(1)(B) for whom detention is mandatory during

the pendency of removal proceedings.

Petitioner argues that he is entitled to supervised release or a bond hearing under the

Ninth Circuit's decisions in *Casas-Castrillon*, 535 F.3d at 942; and *Prieto-Romero v. Clark*, 534

F.3d 1053 (9th Cir. 2008).  Dkt. 1 at 3-5.  However, the authorities cited by petitioner do not

support his claims.

In *Casas-Castrillon*, the Ninth Circuit addressed the prolonged detention of aliens while

seeking direct judicial review of their administratively final orders of removal.  In that case, a

lawful permanent resident of the United States who had been subject to mandatory detention

under § 1226(c) for seven years sought habeas relief while his petition for review was pending

1    before the Ninth Circuit.  *Casas-Castrillon*, 535 F.3d at 942.  The Ninth Circuit interpreted

2    *Demore* to hold "that § 1226(c) was intended only to 'govern[ ] detention of deportable criminal

3    aliens *pending their removal proceedings*,' which the Court emphasized typically 'lasts roughly

4    a month and a half in the vast majority of cases in which it is invoked, and about five months in

5    the minority of cases in which the alien chooses to appeal' his removal order to the BIA."  *Id*. at

6    948 (quoting *Demore*, 538 U.S. at 527-28).  The Court concluded that § 1226(c)'s mandatory

7    detention provisions apply only during removal proceedings, at which point the government's

8    authority to detain the alien shifts to § 1226(a) until the alien enters the removal period.  *Id*.  The

9    Ninth Circuit further held that § 1226(a) requires that the Attorney General provide aliens with

10   an individualized bond hearing before an Immigration Judge to determine the necessity of their

11   ongoing detention.  *Id*. at 951; *see also Prieto-Romero*, 534 F.3d at 1067-68 (holding that "[a]n

12   alien whose removal order is administratively final, but whose removal is stayed pending the

13   court of appeals' resolution of his petition for review, may be subject to detention under §

14   1226(a), not [8 U.S.C.] § 1231(a)(2) or (a)(6)," until he enters the removal period).

15        Here, however, unlike *Casas-Castrillon* and *Prieto-Romero*, petitioner's removal

16   proceedings are ongoing.  His detention, therefore, remains governed by § 1226(c) until removal

17   proceedings have been completed.  Accordingly, the Court finds no basis to depart from the

18   express requirement of mandatory detention under § 1226(c), as upheld by the Supreme Court in

19   *Demore*.  Therefore, petitioner's request for habeas relief from mandatory detention is without

20   merit and should be denied.

21                          IV.      CONCLUSION

22        For the foregoing reasons, the Court recommends that petitioner's habeas petition be

23   DENIED, respondent's motion to dismissed be GRANTED, and this matter be dismissed with

REPORT AND RECOMMENDATION- 6

1    prejudice.  A proposed order accompanies this Report and Recommendation.

2         Any objections to this Recommendation must be filed and served upon all parties no later

3    than **October 7, 2013.**  If no objections are filed, the matter will be ready for the Court's

4    consideration on **October 11, 2013**.  If objections are filed, any response is due within 14 days

5    after being served with the objections.  A party filing an objection must note the matter for the

6    Court's consideration 14 days from the date the objection is filed and served.  Objections and

7    responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to

8    appeal.

9         DATED this 16th day of September, 2013.

10

11                                    _____

12                                    BRIAN A. TSUCHIDA
                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION- 7